IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-119-TAV-JEM |
| ISAIAH AUSTIN SHELBY ROBINSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Robinson's Motion to Continue Trial [Doc. 44], filed on May 19, 2023. Defendant asks the Court to continue the June 13, 2023 trial date and the plea deadline. Defense counsel has been involved in a good faith effort to resolve Defendant's case but needs additional time to resolve certain matters so that a plea agreement may be reached. Defendant asserts that granting the requested continuance would allow the parties a final opportunity to make a full resolution of the matter and serve the ends of justice in that the need for additional time to resolve the case outweighs the best interests of the public and Defendant in a speedy trial. Defendant, who is detained pending trial, understands the time between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes. The Government does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to negotiate a plea agreement and prepare for trial in the event negotiations are not fruitful, which cannot be done by June 13, 2023. The Court therefore **GRANTS** Defendant's Motion to Continue Trial [**Doc. 44**]. The trial of this case is reset to **August 29, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on May 19, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial [**Doc. 44**] is **GRANTED**;

(2) the trial in this matter is set to commence on **August 29, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between **May 19, 2023**, and the new trial date of **August 29, 2023**, is fully excludable under the Speedy Trial Act;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 28, 2023**;

(5) the deadline for filing motions *in limine* is **August 7, 2023**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 9, 2023, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 18, 2023**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge